UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-CR-10357-RGS |
| | ) | |
| DAVID JOHN | ) | |
| also known as DAVID FONDOTS | ) | |
| | ) | |

**MOTION OF DEFENDANT, DAVID JOHN,
TO MODIFY TERMS OF PRE-TRIAL RELEASE**

NOW COMES the defendant, David John ("John"), and respectfully moves the Court to modify the terms and conditions of his pre-trial release to enable him to travel in the United States for work and personal purposes and for removal of the ankle bracelet tracker. In support hereof, John states as follows:

**FACTS**

1. John has been charged with one count of wire fraud in violation of 18 U.S.C. §1343. John has also been charged with one count of filing a false tax return in violation of 26 U.S.C. §7206(1) for Calendar Year 2015. The nature of the charges is that John allegedly took unauthorized and unjustified payments from the company for which he was the founder, director and officer, Mariposa Holdings Group, Inc. ("Mariposa").

2. John is 57 years old. He has no criminal history except a single minor drug possession charge 35 years ago in 1985 which was dismissed. He has lived in Westford, Massachusetts for the past 20 years. He is a U.S. army veteran and honorably served the United States overseas, receiving an honorable discharge.

3. The Defendant has two children, ages 22 and 18.

4. John was the Vice President and Managing Director of Sales and Operations for a technology company that does cloud-based telecommunications, Smart City, and IoT platforms for Mobile Operators and large enterprises. He now is now a contractor seeking to work and earn commissions in the same field where he has 30 years' worth of expertise.

5. David has been in the Telecommunications industry for 31 years leading Sales, Professional Services, and Operations. Software and managed service providers that can benefit from David's expertise are all over the US but the primary Telecommunications providers are located in NY, NJ, TX, CA, FL, GA, DC, VA, and WA. Limiting David's ability to be able to cover these areas in their entirety and travel on short notice by plane to these locations entirely prohibits his ability to work, earn a living, and remain relevant in his profession.

6. John has entered a plea deal with the Government. At the time of sentencing, John expects to be able to show that these comparatively low amounts at issue, his lack of criminal history, his quick acceptance of responsibility, and the fact that the wrongdoing giving rise to the charges are three and four years old, will result in a finding of comparative lenience by the Court with respect to the sentencing guidelines. In addition, John is currently working to prepare amended tax returns so that the proper amount of back taxes are paid as soon as possible.

7. In this case, the Court (Dein, J.) ordered on June 7, 2019 that as conditions for John's pre-trial release, John would have to:

    a. Post a surety on his Westford, Massachusetts house running in favor of the United States in the amount of $200,000, secured by a mortgage;

    b. Surrender his passport;

    c. Restrict his travel to Massachusetts and New York; and

    d. Abide by the other instructions set forth in the Order.

See Order [Doc. #8].

8. In this case, the pretrial services of US probation office had originally recommended to the court half of the bond amount, no US travel restrictions, and no physical tracking device.

9. John's current projects as well as his job-hunting requires travel in the US on short notice and often with colleagues, which are prevented both by the restrictions as well as the tracking device.

10. John has assiduously abided by all conditions of his pre-trial release. He recorded a $200,000 mortgage on the family home to the United States, he is wearing an electronic monitoring device, and he has restricted his travel.

11. John cannot travel which is directly limiting his ability to work and to generate the money he needs to pay his back taxes and to support his family.

12. John would like to see his ailing grandmother, who raised him, in San Diego before she dies. She is 96 years old and does not travel.

13. John changed his name from David Fondots in order to avoid harassment from his former investors and business partners in Mariposa, which at the time was reported to Federal authorities. John has not had the chance to change his passport after doing so.

14. John had his passport for nearly a week after his release and before the ankle tracker was put in place on his person and he faithfully reported to the probation department which supports the finding that he is not a flight risk.

## **ARGUMENT**

When a defendant is released on pretrial supervision, the court must impose "the least restrictive condition, or combination of conditions, that...will reasonably assure the appearance

of the person as required..." 18 U.S.C. § 3142(c)(1)(B). See United States v. Townsend, 897 F. 2d 989 (9th Cir. 1990) (penalties to prevent flight taken in consideration of the nature of charges involved); cf. United States v. Tortora, 922 F. 2d 880 (1st Cir. 1990) (history of criminal conduct and noncompliance may bar pretrial release).

The current travel restrictions imposed on John are not necessary to ensure his return to Court. John is not a flight risk as his family is based in Massachusetts, he has no criminal convictions, he has been cooperative with the Government during this process, and he has an incentive to address these two criminal charges. John has no history of violence or of being a threat to anyone including himself. The current travel restrictions are unduly burdensome on him and are both preventing him from earning.

Factors that the court may consider regarding the defendant's character are their criminal history, employment, family ties and community ties. 18 U.S.C. § 3142(g). All of the defendant's family ties are in the US and his dedication to his family now that this case is in the final stages indicate that John will face sentencing.

He would be willing of course to check in with his probation officer and give advanced notice of his travels.

The current terms of release imposed are not the least restrictive as his close family and community ties will ensure his return to court. See United States v. Snead, No. 12-132M, 2014 U.S. Dist. LEXIS 14673 (D.R.I. Feb. 4, 2014) (travel restrictions were not the least restrictive method given defendant's family ties); United States v. Hutchins, 298 F. Supp. 3d 1205, 1207 (E.D. Wis. 2017) (electronic monitoring device is no longer needed where defendant showed "willingness to comply with ... obligations to appear in this Court as required").

More than six months have since passed since John made this request first before the Magistrate. The additional passage of time has increased the hardship on John both from a job-hunting perspective and with respect to his not being able to visit his ailing family members.

## **CONCLUSION**

WHEREFORE, John respectfully requests that the Court modify the terms of his pre-trial release such that he be permitted to travel freely and to no longer be subject to electronic monitoring.

Respectfully Submitted,

DAVID FONDOTS

By his attorney,

/s/ Jonathan D. Plaut

———————————————
Jonathan D. Plaut
BBO#: 638344
COHAN RASNICK MYERSON PLAUT LLP
One State Street Suite 1200
Boston, MA 02109
(617) 451-3200
jdplaut@chardonlaw.com

Date: January 15, 2020

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                              Respectfully Submitted,

                                              _____
                                              Jonathan D. Plaut

Date: January 15, 2020