UNITED STATES DISTRICT
COURT DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID JOHN AKA DAVID JOHN FONDOTS,<br>  Defendant | CRIMINAL No. 19 CR-10357-RGS |

**MOTION TO COMPEL THE UNITED STATES TO PRODUCE EVIDENCE, COMPLIANCE WITH FRCP 16, THE JENCKS ACT, FRoE 404(b),  AND DISCOVERY OF BRADY MATERIAL**

  The Defendant, David John (Fondots) now comes before the court and moves for an Order compelling the United States, to promptly produce all outstanding discovery including all impeachment evidence, witness impeachment evidence, inculpatory evidence, and exculpatory evidence that may impact sentencing and, or punishment as required by law.

  AUSAs in the criminal division must be familiar with and fully comply with their discovery obligations under Federal Rule of Criminal Procedure 16, the Jencks Act, Federal Rule of Evidence 404(b), the *Brady/Giglio* line of cases, and the policies of the Department of Justice and this office. In addition, AUSAs should be familiar with obligations imposed by the district court rules. And must not by ignoring or suppressing evidence unfairly influence the PSR or Sentencing to gain higher punishment. Moreover, failing to share discovery, even if not asked, causes the defense to make decisions that they then invest a

year and all of their savings and reputation for a year until they are unable to stand up to the awesome power of the government.

That to date, although the legal responsibility of the government to provide this evidence, and requested by counsel Plaut for the defendant in August 2020, and then again, several times, by the defendant directly to the government, the prosecution has failed to comply.

It is only now that it has come to light that there is a massive trove of evidence that is inculpatory aiding the prosecution as well as exculpatory and impeachment evidence when both parties were admonished by the probation office for not having shared information that should have been discoverable before the PSR process began.  Astounded by the findings in the draft PSR, it became clear that the government held impeachment, inculpatory, and exculpatory information from the defense.  This is consistent with the government's actions of trying to use a preliminary draft of the PSR, which was stacked based on the suppression of evidence, to seek exorbitant forfeiture.  We also believe that there is impeachment evidence as well as evidence that speaks to the credibility of the witnesses and even the victims, as well as the low credibility of the facts and figures that will demonstrate that there is not a preponderance of evidence that warrants the forfeiture nor restitution sought at Sentencing by the government.

And it has been shown that the FBI agents and the AUSA receive information, beyond that which is procedural, and exchange information using e-mail and text.  The DoJ guidelines are clear that this is discoverable and should be shared under the Jencks Act and

Brady/Giglio.  *The prosecution may not suppress and must share evidence that the defense has requested and that is material either to guilt or punishment*

Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. U.S.*, 405 U.S. 150, 154 (1972). The law requires the disclosure of exculpatory and impeachment evidence when such evidence is material to guilt or punishment. *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154. Because *Brady* and *Giglio* are constitutional obligations, *Brady*/*Giglio* evidence must be disclosed regardless of whether the defendant makes a request for exculpatory or impeachment evidence. *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). Neither the Constitution nor this policy, however, creates a general discovery right for trial preparation or plea negotiations. *U.S. v. Ruiz*, 536 U.S. 622, 629 (2002); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

Exculpatory and impeachment evidence is material to a finding of guilt—and thus the Constitution requires disclosure—when there is a reasonable probability that effective use of the evidence will result in an acquittal. *U.S. v. Bagley*, 475 U.S. 667, 676 (1985). Because it is sometimes difficult to assess the materiality of evidence before trial, prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence. *Kyles*, 514 U.S. at 439.

Under Federal Rule of Criminal Procedure 16, the government must disclose to the defendant, upon request, the following:

1. Documents and objects that are material to preparing the defense

2. A written summary of any expert testimony that the government intends to introduce at Sentencing for seeking punishment, particularly when exceeding the Plea agreement

Federal Rule of Evidence 404(b) applies where the USA has submitted evidence that is new as well as evidence it has had and refused to share with Defendant to the Probation Office to adversely impact the PSR.

The defendant was deprived of his rights to address inculpatory and exculpatory evidence during the phase of PSR preparation and was unable over the past 4 months to provide the necessary information and facts to the Probation office in advance of their draft report.

Much of the evidence that the PSR was based on has come to light only today in spite of Defense counsel request for this evidence in August and September of 2019 and in advance of decisions to plea.  While the defendant wants to honor the plea agreement specifically as stated in court and as agreed to sufficient elements to support both counts, the government has attempted to influence the PSR in its favor for punishment far exceeding the plea.  The defendant agreed to plea and that plea was read, as writing but the United States in the Rule 11 Hearing.

Absent of the rules of evidence now the government is sharing unseen, formerly requested evidence with the Probation Office and only now sharing it after attempting to gain what the defendant shared with the probation office, back channel, while not sharing its evidence.

It was only after being admonished by the probation office that theirs was not to share what should have been shared in discovery that the defense received limited new information and evidence, some with impeachment, inculpatory, and exculpatory evidence.

As seen in recently similar cases, it is insufficient for the government to share only summaries or to take their own opinion of what is inculpatory, exculpatory, or impeachment evidence.

In the Federal Rules of Evidence, Rule 404(b) provides that when the government in a criminal case seeks to introduce evidence of other crimes, wrongs, or acts committed by the defendant, it must, on the defendant's request, "provide reasonable notice in advance on good cause shown, of the general nature of any such evidence it tends to introduce.

It is the obligation of the government under law to disclose this information without request and certainly once requested which dates back to August 2019.  Additionally The U.S. Attorneys' Manual, § 9-5.001, provides as follows:

*Department policy recognizes that a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not, on its own, result in an acquittal or, as is often colloquially expressed, make the difference between guilt and innocence. As a result, this policy requires disclosure by prosecutors of information beyond that which is "material" to guilt as articulated in Kyles v. Whitley, 514 U.S. 419 (1995), and Strickler v. Greene, 527 U.S. 263, 280-81 (1999). The policy recognizes, however, that*

*a trial should not involve the consideration of information which is irrelevant or not significantly probative of the issues before the court and should not involve spurious issues or arguments which serve to divert the trial process from examining the genuine issues. Information that goes only to such matters does not advance the purpose of a trial and thus is not subject to disclosure.*

*Additional exculpatory information that must be disclosed. A prosecutor must disclose information that is inconsistent with any element of any crime charged against the defendant or that establishes a recognized affirmative defense, regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime.*

*Additional impeachment information that must be disclosed. A prosecutor must disclose information that either casts a substantial doubt upon the accuracy of any evidence— including but not limited to witness testimony—the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence. This information must be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant for a charged crime.*

*This office has a longstanding practice of allowing AUSAs to provide discovery beyond what is required under Rule 16 and other governing federal law. Providing liberal discovery may facilitate an early resolution of some cases.*

*In most cases, a case should not be indicted until the AUSA has gathered and is ready to provide all Brady material and all discovery that the government is obligated to*

*produce under Federal Rule of Criminal Procedure 16. Discovery of Brady and Rule 16 material ordinarily should be provided to the defendant at or before the defendant's arraignment*

As the government continues to feed in new evidence, often guised as victim impact, yet also provide unseen evidence to the probation office and has refused all 4 attempts by the defense to get the information it is making an constructive effort to run out the clock on sentencing memo so that the Defense is Deprived of his Rights to be able to speak to the PSR and victim statements, often flat falsehoods where they will gain financially.  Having had this information when requested in August, or even in February 2020 would have afforded the defendant to prepare for the PSR instead of squandering 4 months

## REQUEST FOR DISCOVERY

We request all evidence immediately from the United States, including Impeachment, Inculpatory, Exculpatory, or other that is to be used by the US or that has been selected not to be used in its Sentencing Memo, as it has already deprived the Probation Office and defendant the chance to address this in the PSR and now that the Defense will be unable to prepare its sentencing memo, and arguments for sentencing.

The defense is ready for its hearing but fears that this pattern of misbehavior knowing that rules of evidence are very different in trial than they are now will skew the facts in order to seek disproportionate punishment for the plea agreement specifically line 29 of #23 and Line 31 of #23.  The defense is prepared to support that plea and accept guilt and punishment for those elements which was the essence of the plea agreement

We request that all emails, text, 302s, and all other evidence between witnesses and agents and the USA be disclosed as required.

Again, the AUSA handbook from DOJ is instructive.  You can see the government is aware of its obligations and instructs prosecutors to be very careful.

## REQUEST FOR ADDITIONAL INFORMATION IN DISCOVERY

**Brady/Giglio, Rule 16, or the Jencks Act**

*DoJ Special policy on information in electronic communications*

*As explained in Part III, infra, substantive case-related communications may contain discoverable information. In particular, e-mails or text messages written by AUSAs, agents, and witnesses may contain information such as witness statements, information about witnesses, commentary on a draft report of investigation (such as an FBI 302 or DEA 6), or assertions about substantive issues in the case that could be construed as Brady/Giglio information or information that falls within Rule 16 or the Jencks Act.*

*For these reasons, AUSAs should take special care to avoid creating electronic communications (including e-mails and text messages) and voice mails that contain information that may be subject to discovery. AUSA should also instruct the agents working on their cases to abide by the same rule. In addition, AUSAs and agents should not engage in substantive case discussions in e-mails, text messages, or other forms of electronic communication with witnesses or potential witnesses of any kind. As a general rule, e-mails and text messages between AUSAs, between AUSAs and agents, between agents, and*

*between witnesses and government personnel should be limited to scheduling or other procedural matters.*

It further states: *Prosecutors should also remember that with few exceptions (see, e.g., Fed.R.Crim.P. 16(a)(1)(B)(ii)), the format of the information does not determine whether it is discoverable. For example, material exculpatory information that the prosecutor receives during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email.*

## REQUEST FOR WITNESS INFORMATION

The witnesses and in some cases witnesses/Victims appear to have a litany of history side stepping procedure and even the law. As we know these witnesses and their attorney were aware for months of threats of violence to children of the defendant and himself. Yet they have last minutes selectively pulled 1 recording from 400 threatening calls to pain the defendant poorly for the PSR.

The U.S. Attorney's Manual, § 9-5.100, sets forth the Department's *Giglio* policy. *That policy defines Giglio information as follows: potential impeachment information generally defined as impeaching information which is material to the defense. It also includes information that either casts a doubt upon the accuracy of any evidence— including witness testimony—the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence.* This information may include but is not strictly limited to:

(a) specific instances of conduct of a witness for the purpose of attacking the witness' credibility or character for truthfulness;

(b) evidence in the form of opinion or reputation as to a witness' character for truthfulness;

(c) prior inconsistent statements; and

(d) information that may be used to suggest that a witness is biased.

## CONCLUSION

The aforementioned guidance from DoJ to its United States Attorneys is unambiguous as is the statutes and ethical requirements on the prosecution. Often only after sentencing does a Defendant find there may have been rights infringed. By then the Defendant is in prison and ruined.

The government has not complied with its obligation to provide evidence. Upon request it initially provided only summaries but not the evidence. Since that date it has used the calendar to successfully block a balanced PSR as well as its strongest arguments for leniency and a punishment that is in-line the actual plea.

The government by hiding information has baited the defendant into a low plea and then creating an negative impression and at times false relavant conduct that will unfairly color the defendant at sentencing. The government was specifically asked to provide their evidence time and again. At one point the government replied, that they 'don't believe that they have to share all evidence' 'but we can see what we can quickly pull together'.

It was only after seeing some of it, shared months ago to the probation office and the introduction of questionable new evidence in a preponderance of emails between the agents, prosecutor, and witnesses did it become visible to the defendant that there was a lot

of impeachment, inculpatory, and exculpatory evidence hidden, suppressed or simply not shared as is the obligation of the prosecution.

WHEREFORE, the Plaintiff moves for an Order compelling the United States to immediately produce complete files of all evidence, including communications and interviews, 302s, and emails or other electronic communications with the defense so they can adequately prepare for its arguments at sentencing.

June 4, 2020                                                                 Respectfully submitted,

                                                                             By: David John (Fondots)
                                                                                 Defendant

## Certificate of Service

I hereby certify that on June 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sara Miron Bloom
SARA MIRON BLOOM
Assistant United States Attorney
(617) 748-3265