UNITED STATES DISTRICT
COURT DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID JOHN AKA DAVID JOHN FONDOTS,<br>      Defendant | CRIMINAL No. 19 CR-10357-RGS |

**DEFENDANT'S SUPPLEMENTAL BRIEF ON MOTION FOR CONTINUENCE**

COMES NOW the Defendant David John and files this supplemental brief in support of his motion for continuance of sentencing based on the lack of compliance of the United States to fulfil its obligations for discovery.

The Defendant is entitled to this information under *Federal Rules of Criminal Procedure 16, The Jencks Act, and Federal Rules of Evidence 404(b), and he discovery of Brady Material.* This mandate is fundamental to Due Process and crucial to ensure that prosecutors fulfill their obligation to seek justice rather than convictions. The rule of Brady does so "requiring the prosecutor to assist the defense in making its case" and, in that respect, "the Brady rule represents a limited departure from a pure adversary model." United States v. Bagley, 473 U.S. 667, 675 n.6 (1985). The government may not knowingly use false evidence, including false testimony, to obtain a tainted conviction or punishment.

The Defense must be given sufficient time to review evidence and investigate facts in a trial, as part of its agreement to negotiate a plea, and before sentencing and punishment phase. While the defense has a right to a speedy trial, the government has hidden the ball on evidence for a full year since June 10, 2019.

Now, at the 11th hour, the defense discovered that the government has thousands of pages of evidence that was never previously shared versus the twelve (12) pages of evidence, which they did share in direct violation of the law and their obligations and agreements with the defense.

Now the defendant is in a precarious and prejudiced position, having exhausted his savings on legal cost and was caused to lose his job within the full year, while the government was withholding and suppressing evidence.

In light of new information, the intentional withholding of evidence by the USA, and the revelation of 300 files and thousands of pages of evidence not shared with the defense that only came to light when the United States attempted to sidestep the process and gain defense information from the probation office.  With only one working day before all evidence and arguments were due to the court for sentencing \the government released some of its files.

This delay, after a full year of preparation for our submissions due June 8th, 2020, and after not less than 17 requests by counsel for the defense and the defendant is prejudicial to the defense and robs him of due process.

And it is believed that there is more evidence that is either impeachment evidence of facts or witnesses, inculpatory or exculpatory, that has been constructively hidden and denied to the defense.  Discovering after the PSR draft was finalized that the government submitted 9 of 11 files that the defense has never seen thereby denying a fair process, did the government realize that the suppression of evidence, including some that would impeach their sources or prove incorrect their argument for extreme and maximum sentencing.

In spite of a very specific plea agreed, both sides agreed that only information sufficient enough to support the single count of wire fraud and the single count of tax fraud was required. Yet, the defense counsel requested time and again all information that the United States was obliged to provide.  (Exhibits 1-8 attached). Time and again, starting the day after the

defendant's arrest, the government was formally asked for evidence to include all evidence, files, witness statements, and witness list used by the FBI to prepare their affidavit and much more.

While plea negotiations began, as agreed with the United States to bring this to a speedy conclusion in order to spare his family from unnecessary attacks, aspersions, and allegations, the defense requested all the evidence in order to provide a complete response and enter the plea.

After multiple request, the government shared eleven (11) pages, out of what now seems to be thousands, narrating a considerable amount of information and allegations that are patently incorrect, doctored, false, exculpatory, or impeach government witness.  Upon inspection, the defense noted to AUSA Sara Bloom, "*In your papers there are references to exhibits W1-5, W1-6, W1-13, W6-1, W6-4, W7-1, W7-5, W7-4, QW7-3, and W6-1 through 4. Would you please provide those to us for review*?"  No reply came.

Requests were met frequently by such lack of replies; or, by replies such as "what are you looking for specifically," "I will see what I can do," "I don't think you are entitled to all evidence," or a repeat of "what specifically are you looking for."  The obligation of the government if it be for trial or for punishment states is Black Letter Law.  And the DOJ Guidelines are also perfectly clear.

The defense spent all his savings, preparing, and negotiating in good faith based on false or incomplete information that only now it comes to light was a massive trove in the hands of the government that is dumped at the end of the week before a Monday's (June 8) final argument.

The government continues to hide the ball and until there is some reasonable assurance that all the evidence requested as recently as June 5, 2020 is provided, the defense requests a continuance to review the material and adequately prepare.

It is just and fair for a new evaluation of the evidence to gain the assent or denial of the court on the Defense motion to compel discovery, to gain the court's rulings on additional motions and oppositions filed.

The hiding, suppression, and curation of evidence for the PSR lead to an unfair and prejudicial process and the process has been corrupted.  Although the defense maintains that the probation office acted fairly in accordance with principles, policies, and practices, it is not an evidentiary process and it has been prejudiced by the government.

There are clear procedural, legal, constitutional, and evidentiary issues with the government's failure to produce evidence since June 11, 2020, and its insistence that it had or that it was not obliged to flies in the face of the facts, due process, and the law.  It is black letter law that it is a party's first obligation to abide by *Federal Rules of Criminal Procedure 16, The Jencks Act, and Federal Rules of Evidence 404(b), and the discovery of Brady Material.*

It is unfair and unjust for the defense to confront a PSR that was prejudiced and a sentencing memo and evidence from the United States that includes information that undisclosed and can impeach witness or be exculpatory to the defendant.

For over one year of request for evidence and discovery, now the day before finalization of sentencing evidence that will drive punishment, the government made a partial release of additional files as a result of a motion to compel.  There are more but herewithin are the known dates where written request for evidence under Jencks, Brady/Giglio, and Federal rules were requested:

1. June 7, 2019 (Judge approved sealed files be shared with Defense but were never produced)
2. June 10, 2019 *(asked for files FBI relied on or reviewed to create Affidavit)*
3. June 11, 2019
4. July 26, 2019
5. August 13, 2019
6. August 19, 2019 *(2 request)*
7. August 20, 2019 *(USA said "I am trying to get the evidence")*
8. August 22, 2019
9. September 10, 2019 *(the only 11 pages of thousands delivered in the past year until day before Sentencing Evidence deadline. Defense asked for files referenced- never delivered)*
10. June 1, 2020

11. June 2, 2020
12. June 3, 2020
13. June 4, 2020
14. June 5, 2020
15. June 6, 2020

Therefore, the Defendant needs additional time to review, address, impeach, and present information from the evidence and to receive the balance of all evidence requested that does bear on his case and to protect his constitutional rights which hereto for have been ignored.

    WHEREFORE, the Plaintiff moves for an Order compelling the United States to immediately produce complete files of all evidence, including communications and interviews, 302s, and emails or other electronic communications with the defense so they can adequately prepare for its arguments at sentencing.

| | |
|---|---|
| June 4, 2020 | Respectfully submitted, |
| | By: David John (Fondots) |
| | Defendant |

## Certificate of Service

    I hereby certify that on June 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sara Miron Bloom
SARA MIRON BLOOM
Assistant United States Attorney
(617) 748-3265