UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DAVID JOHN AKA DAVID JOHN FONDOTS,<br>    Defendant | CRIMINAL No. 19 CR-10357-RGS |

## UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY

The United States submits this Opposition to Defendant's Motion for Discovery in this matter. Defendant's Motion ignores both the fact that the Defendant has pleaded guilty in this matter and that he and his prior counsel have received the discovery materials to which he is entitled and more. In addition, Defendant fails to identify any discovery, let alone exculpatory discovery, that he has actually not received.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 4, 2019, the Defendant was charged by Complaint with a conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Before he could be indicted, his counsel indicated that he wanted to discuss a plea and the parties engaged in negotiations over the summer of 2019. On or about August 23, 2019, in the course of the negotiations, and prior to any Indictment or Rule 16 obligations, the United States produced materials to counsel for the Defendant, including a CD of relevant documents to counsel for the Defendant. Defendant's Motion to Compel and Motion to Continue do not acknowledge the receipt of these materials. These materials included spreadsheets, interview reports, emails with the victims, documents provided by the victims and third parties.

On September 19, 2020, Defendant agreed to plead guilty to an Information. On February 14, 2020, the Defendant entered his plea of guilty, which was accepted by this Court.

On the same date, the Court allowed Defendant's counsel to withdraw. Defendant did not request any further discovery until June 3, 2020.

On June 3, 2020, less than two weeks before the scheduled sentencing, the Defendant sent an email to the government and requested "all of the information and evidence you have collected. Not just the evidence you are submitting with your SM but the evidence that may be inculpatory or exculpatory or be considered Brady Material." Motion, Dkt. # 58-11(Exh. 12). The United States responded to the Defendant by explaining that he was not entitled to "all of the information and evidence [] collected" but that the United States would nonetheless try to gather some materials quickly and provide them.

On June 4, 2020, the United States emailed to the defendant copies of the spreadsheets and other materials provided to Probation. On June 5, 2020, just two days after the Defendant's request, the United States delivered to the Defendant by electronic transfer a substantial production, including interview report of the victims, emails with the victims, substantial documentary evidence gathered in the investigation and other materials. On June 11, 2020, the United States uploaded for the Defendant copies of all additional bank records received from third parties. In addition, the United States reproduced the materials it had originally provided to Defendant's counsel in August 2020.

**ARGUMENT**

I. DEFENDANT HAS NOT DEMONSTRATED ANY FAILURE TO PROVIDE DISCOVERY MATERIALS TO WHICH HE IS ENTITLED.

Defendant is not entitled to any additional discovery, nor has he identified any exculpatory materials that he has not received.

A.  <u>Defendant Is Not Entitled To The Entire Government File.</u>

Defendant's Motion for Discovery appears to be based upon a misunderstanding of the Government's discovery obligations generally, and in particular following a guilty plea. Defendant requested all materials gathered in the investigation, whether "inculptory or exculpatory." Dkt. #58-11.  "There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  "[T]he prosecutor is not required to deliver his entire file to defense counsel." *Bagley*, 473 U.S. at 675. Thus, Defendant's request for all materials collected goes beyond what he would be entitled to, even if he had not decided to plead guilty.

B.  <u>Because He Pleaded Guilty to An Information, Defendant Is Not Entitled to Discovery Pursuant to Rule 16 – Which Governs Pre-Trial Discovery.</u>

In addition, where, as here, the defendant has pleaded guilty and given up his right to a trial, he is not entitled to the discovery provided under Rule 16.  Rule 16(f) requires that "Both the language and history of Rule 16 indicate that it addresses only pretrial discovery." *United States v. Nobles*, 422 U.S. 225, 235 (1975) (holding that Rule 16 did not restrict the trial court's power to order discovery during trial).  *See also United States v. Sabatin*, 2018 WL 10038800, *4-5 (S.D. Fl 2018) (explaining that Rule 16 is a rule of pretrial discovery and "[o]nce Defendant pled guilty, he waived entitlement to pretrial discovery.")

Nonetheless, the United States has produced extensive discovery including interview reports of the victims about this case, the emails from the victims, the spreadsheets and calculations of the losses and a substantial volume of the underlying documents.  Defendant's Motion simply ignores the fact that significant discovery materials were made available to his counsel even before he agreed to plead guilty.  Thus, far from denying the Defendant discovery,

the United States has provided materials far in excess of its obligations on very short notice during a pandemic.

      C.  <u>Defendant Has Not Identified Any Exculpatory Evidence Withheld.</u>

Defendant has failed to demonstrate that he has been denied any materials that rise to the level of material exculpatory information required to be disclosed under *Maryland v. Brady*, 373 U.S. 83, 87 (1963).  Under *Brady*, the Government must produce "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment." *Id.* Evidence is material under *Brady* "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).  *See* also *United States v. Agurs*, 427 U.S. 97, 104 (1976) (concern that evidence might affect the trial's outcome implicit in materiality requirement).

When a criminal defendant seeks discovery, he must "be able to articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material." *United States v. Flete-Garcia*, 925 F.3d 17, 33 (1st Cir. 2019) (upholding denial of motion shortly before sentencing for discovery as to IRS agent who had overseen his case but was subject of assault allegation).  Furthermore, where, as here, the Defendant has chosen to plead guilty prior to trial, the only issue is whether there is any exculpatory evidence that would be relevant to the Defendant's sentencing.  He has not demonstrated that there are any exculpatory evidence, let alone evidence material to the issues at sentencing that he has not received.  For this reason, Defendant's motion must be denied.

II.     DEFENDANT'S ALLEGATIONS OF THREATS RECEIVED AFTER THE CRIMES AT ISSUE ARE IRRELEVANT.

Finally, the Government also notes that the Defendant's allegations about threats that occurred after the time-period of the crimes at issue here are simply not relevant to the sentencing. The allegations of threats by someone who is not offered as a witness in connection with the sentencing in this matter, and which is alleged to have occurred after the frauds at issue in this sentencing, are simply a distraction.[1] Whether, in the course of the civil disputes following the discovery of Defendant's fraud, the Defendant was threatened by an investor in Victim Company A, as the Defendant claims, or whether the Defendant threatened to cause trouble for this investor, then did threaten the investor in the voicemail provided to Probation, and then falsely reported alleged threats by the investor, simply need not be resolved by this Court at this sentencing. The Government is not seeking any enhancement based upon this disputed conduct.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     /s/ Sara Miron Bloom
        SARA MIRON BLOOM
        Assistant United States Attorney
        (617) 748-3265

---

[1] Nonetheless, when a recording of an alleged threat by the Defendant was produced to the United States, the United States provided it to the Defendant. The United States does not expect to rely upon this recording at sentencing.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) .

                                         /s/ Sara Miron Bloom
                                         SARA MIRON BLOOM
                                         Assistant United States Attorney

Date: June 12, 2020