UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>  v.<br>DAVID JOHN AKA DAVID JOHN FONDOTS,<br>    Defendant | CRIMINAL No. 19 CR-10357-RGS |

## DEFENDANT'S SUPPLIEMENTAL MOTION FOR DISCOVERY

The Defendant, David John answers the United States Opposition to Defendant's Motion for Discovery in this matter. The Defendant as a matter of law and of Department of Justice policy is entitled to all exculpatory evidence as well as evidence that may impeach the numerous false statements of their witnesses. Defendant has presented his understanding of the law and his constitutional rights in the previous motions to Compel Discovery, to Depose the US Marshal, and his motion to have continuance.

*Brady/Giglio.* Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. U.S.*, 405 U.S. 150, 154 (1972). The law requires the disclosure of exculpatory and impeachment evidence when such evidence is material to punishment. *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154. Because *Brady* and *Giglio* are constitutional obligations, *Brady/Giglio* evidence must be disclosed regardless of whether the defendant makes a request for exculpatory or impeachment evidence. *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). Neither the Constitution nor this policy, however, creates a general discovery right for trial preparation or plea negotiations. *U.S. v. Ruiz*, 536 U.S. 622, 629 (2002); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

Exculpatory and impeachment evidence is material to a finding of guilt—and thus the Constitution requires disclosure. Because it is sometimes difficult to assess the materiality of evidence before trial, prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence. *Kyles*, 514 U.S. at 439.

1. He has the right to these files before the plea, when requested, and if they impact punishment, even in some cases if not requested. The United States ignored for a year these rights and numerous requests. Just the working day before evidence was due for Sentencing the United States dumped a trove of suppressed evidence that illustrates that the loss calculations are based often on false testimony, evidence, and that there were large amounts of exculpatory evidence particularly on Loss Calculation. This is at the heart of punishment and was impactful to plea agreement.

2. The United states falsely claims that the Defense counsel received the discovery materials. The defendant's counsel after months of request received an extremely small number of files that were large summaries, exclude all Brady Material, and ignored defense counsel request to see all the actual evidence, not summaries. It is estimated the United States shared approximately 14 of 400 files, mostly reprints of the 4 year old settled civil case, suppressing thousands of pages including Brady Material and evidence that significantly impeaches much of the information and witness statement that are to be used at sentencing and that were at the heart of much of the allegation. The defendant is entitled by law to have seen these requested materials, many of which were specifically requested as shown in the previous 16 exhibits, the plea. It came to light during the presentencing report process both the rights that the Defendant had and the fact that there was a preponderance of false or misleading and potentially suppressed evidence which why after a full year of request the Defendant learned to be more specific with his request for the

material.  If evidence was suppressed when due upon request before the plea, it is no less right that the government had Hidden the Ball then without having to follow rules of evidence claims there is a preponderance of evidence that proves both intent and the relevant conduct of a crime in order to gain disproportionate punishment.  The Defense operated for the past year believing that the government acted in good faith and that the evidence shared with probation and soon at Sentencing for Loss Calculation directly prejudicing the defendant in recommendations according to the USSG.

    3.   The Defendant was threatened hundreds of times as was his family by the witnesses now victims, and the defendant did not threaten them.  These witnesses, many not use citizens, unsworn, unconfronted with an ax to grind and personal gain from Forfeiture and Restitution, if they committed any crimes or did not tell the truth about these threats or their failure to stop them are impeachable. Yet under the Federal rules and local rules any allegations of the defendant mischaracterizing those threats is not relevant or admissible.  The simple facts are that the group of witnesses have mislead the USA in its information to be used at Sentencing. They made threats and they mislead investigators about those hundreds of threats.  Even the "tape" that the United States used to further influence the PSR was the witnesses, many not use citizens, unsworn, unconfronted with an ax to grind and personal gain from forfeiture and Restitution, were them calling the defendant, in the middle of the night, during acrimonious civil suit. It was the United States and their witnesses, even the ones they now want to keep as the front man for this cabal,  that introduced that entire matter that the witnesses made these threats, and their behavior is entirely relevant if it is largely their materials and testimony is at center of their Sentencing Recommendations.

4. The materials recently presented to the Defendant will take a lot of effort to review, like their information regarding the extent of the crimes, it is 1000% more material, or more, than they originally provided, some of which clearly impeaches the witnesses, some of which is exculpatory, and all of it was the right to have before the plea, before the PSR process, and certainly if it is to be utilized to support Sentencing and Punishment recommendations.

5. The United States agreed that the Plea was to accept guilt and responsibility to what is minimally required to support a single count of Wire Fraud and a Single count of tax Fraud. Now they are trying to get all the original 6 counts into those counts as if there was no plea and to the extent the United States will not have to show the same preponderance of evidence, that is confronted and where witnesses are sworn (and where perjury can be enforced as almost all the material was produced by non US Citizens) and where the United States has a burden of proof of intent and the crime and where the United States must allow rules of evidence.

In any case, the United States must honor the law and the evidence requested was withheld for a full year, it was requested many times, it was the right both in lieu of plea to which the defendant believed he had the evidence until it became clear he did not at the presentencing stage. These witnesses and victims will gain from excessive loss calculation. And they are at the heart of evidence submitted by the United States to extract 4 years in prison, as if they had gotten a guilty verdict on all the original counts and proved the crimes.

From what has been share finally there is clearly Brady and exculpatory information as well as information that demonstrates the dishonesty of witnesses and significantly impacts the information that will be used at Sentencing.

It is not the obligation of the defense to spell out what that is but the defendant if there is a mechanism for this can present that privately to the Judge who if he believes there is cause for more disclosure can so compel the United States.

The defense believes that there is more unshared as per a specific request sent again to Attorney Sara Bloom AUSA on June 11 and again on June 15.  Including the background and specific request made regarding the US and number of non-US Citizens which will impeach their evidence and statements, illustrate unfounded bias, motive for exaggerating, and the falsehoods of their 'impact' statements which is riddled with mistruths.  It is these statements, these witness calculations, and their evidence that is at the heart of the Government case and that is central to information used for punishment.

## RELEVANT AND IMPORTANT ELEMENT OF THE DEFENSE REQUEST TO COMPEL DISCOVERY

The witnesses that the United States is now saying will not be offered is for good reason, they acted in bad faith and potentially in criminal manner and they were in full cooperation with the other witnesses.  All of whom took no actions on the life threats of theses witnesses when it was to their benefit to reach a settlement.  All the witnesses benefited as the claims that the defendant and their family were dropped as consideration for a value at settlement. Now these victims and witnesses ALL benefit from restitution via false loss calculations. Even though there were already paid as part of settlement not only cash but to drop these claims   It is unjust to say all of a sudden they are not relevant, that they are no longer witnesses when they had always been witnesses, signed the victim statements, benefit from exaggerated loss calculations, are central to the loss calculation evidence, continue to submit evidence, and acted in concert with the other witnesses. They will benefit _**and**_ their emails are part of the evidence for sentencing. That evidence and the authors should be impeachable. There evidence as part of loss calculation is essential in 4 areas that support that they should not be exonerated from being impeached all of a sudden.

They signed the false documents, they submitted false evidence, and have a history of these kinds of activities.

    a. There are false evidence and statements that exponentially impact Loss Calculations

    b. They benefited already in the settlement, but it is not included in restitution calculations

    c. Their evidence is central to loss calculation

    d. They participated in the Pre-Sentence Report process to prejudice the defendant

Therefore, they should be impeachable. And they are listed as signatories in the victim impact. It is convenient to suppress their wrong-doing and the collective support they had for this wrongdoing by the other witnesses and then have them be a beneficiary of forfeiture and restitution. All the witnesses now victims need to be viewed collectively since their information is part of the sentencing evidence, central to Loss Calculation, and they will benefit from restitution no less than any other of the wealthy predatory investors.

## CONCLUSION

It is a convenient move to now say some of the 'victims' are no longer "witnesses" when it is their potentially doctored emails that are a central piece of the loss calculation. They were indeed listed as witnesses in previous government filings, their material continues to be submitted to probation to influence loss calculation, and punishment, and to prejudice the defendant they who submitted the 'tape' just a few weeks ago. They are now just behind the scenes, benefiting from any monetary gain in falsified and exaggerated loss, they are sharing doctored tapes to impact the Probation office, but the United States now asserts they are not relevant.

The evidence requested is a right of the defendant both before the plea where both Local rule 26 and Federal Rules 16 apply then and now for punishment. The hiding the ball with evidence after not less than 17 written requests since June 7, 2019 is impactful to punishment and there is case law that supports the claim that evidence should not be withheld if it impacts punishment. The recent dump on the eve of sentencing is telling in itself.

Please grant the motion to compel discovery as fairness at Sentencing is a central focus of this court.

Respectfully submitted,

David John

By:   /s/ David John
      Defendant
      (978) 727-5175

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

   /s/ David John_____
DAVID JOHN
Defendant

Date: June 15, 2020