UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10357-RGS

UNITED STATES OF AMERICA

v.

DAVID JOHN (FONDOTS)

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO STRIKE ALLLEGATIONS CONTAINED
IN THE INFORMATION AND MOTION TO DEPOSE
A DEPUTY UNITED STATES MARSHAL

September 8, 2020

STEARNS, D.J.

The motion to strike will be allowed in one respect and otherwise denied. Defendant Fondots objects to 14 of the 33 paragraphs of the Information filed by the government as inflammatory and prejudicial as he reads them to imply criminal activity on the part of members of his family who are not charged in the case. He requests that the court use the authority granted it by Fed. R. Crim. P. 7(d) to strike "surplusage" from the Information. The motion misapprehends the purpose of the Rule, which is to protect a defendant against irrelevant immaterial bootlegged by prosecutors into an indictment as "color" or "background" in the hopes of stimulating the interest of jurors. 1 Charles Alan Wright & Andrew D.

Leipold, *Federal Practice and Procedure Criminal* § 128, at n.32 (4th ed. 2008).

The Rule has largely faded in the modern era as judges increasingly use their discretion to withhold the actual text of the indictment from the jury on grounds that, as juries are routinely instructed, an indictment (or information) is not evidence of any facts charged and creates no presumption of a defendant's guilt. *See* O'Malley, Grenig & Lee, 1A *Federal Jury Practice and Instructions: Criminal* § 13:04 (2008); First Circuit Pattern Jury Instruction 1.02 (1998); *see also United States v. Medina*, 761 F.2d 12, 21 (1st Cir. 1985). And where, as is the case here, the pertinent consumer of the Information is the judge, and not a jury, the presumption is that the judge is by virtue of his training perfectly capable of insulating himself from extraneous and prejudicial material. Moreover, there is no danger here of any undermining of the presumption of innocence as Fondots was already found guilty by the court based on his earlier plea.

I have carefully reviewed each of the contested paragraphs of the Information. Other than names of businesses that were alleged to have been conduits of the diverted funds, the Information uses anonymous generics, such as "Family Member 1," "Family Member A," "Victim Company A," as placeholders. No Family Member is named. In terms of any implication of

criminal conduct on the part of an uncharged family member, I find that only paragraph 20 of the Information might be susceptible to such a reading.  I will order that it be struck from the Information. In all other respects, the motion to strike is DENIED.

With regard to the motion for leave to depose a Deputy United States Marshal, even were such a request proper in a sentencing context, I agree with the government that her testimony would have no conceivable relevance to any material sentencing issue.  Consequently, that motion is DENIED.[1]

                SO ORDERED.
                /s/ Richard G. Stearns
                _____
                UNITED STATES DISTRICT JUDGE

---

[1] Fondots's objections to the government's forfeiture motion are better addressed once the Presentence Report is completed and the Probation Department's position becomes known.