UNITED STATES DISTRICT
COURT DISTRICT OF
MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-CR-10357 |
| | ) | |
| DAVID JOHN, | ) | |
| a/k/a "DAVID FONDOTS" | ) | |
| | ) | |
| Defendant | ) | |

**SUPPLEMENTAL MOTION TO DISMISS
UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

**PRELIMINARY STATEMENT**

Defendant David John Fondots respectfully requests that this Court deny the government's motion seeking a preliminary order of forfeiture and a forfeiture money judgment (the "Motion"). Primarily because the evidence is not reliable and the PSR was tainted by the Governments suppression of exculpatory and impeachment evidence creating the allusion to the Probation office of a preponderance of evidence.  Deprived of this evidence and the ability to view the US submissions having been withheld violating the Defendants rights, the PSR is not a basis for reliable evidence that any forfeiture over what was already paid in is justified.

This is made more serious as this is a Money Judgements which allows the government to avoid the need to trace.  They provide a way for the government to exaggerate the amount of the proceeds generated by the offense of by ERRONEOUS EXTRAPOLATIONS.  They produce forfeiture judgements that hang over the defendant for the rest of his life, regardless of ability to pay and thus interfering with his rehabilitation and risk 8th Amendment violations.  These estimates can be wildly exaggerated by the use of faulty extrapolation techniques.

Sentencing judges have agreed with the Defendant's argument that the PSR's calculation was "too speculative," and found a guideline loss of zero. This is particularly true when evidence is not reliable.

United States v. Villa, 589 F. App'x 532 (11th Cir. 2015) ("When a Defendant challenges the loss amount provided in his PSI, the Government bears the burden of establishing the loss by a preponderance of the evidence, and the district court must make factual findings sufficient to support the attributed amount. However, when a Defendant does not object, a court may properly rely on undisputed statements of loss in the PSI, even when those statements are conclusory."); **United States v. Ross, 502 F.3d 521, 531** (6th Cir. 2007) ("[I]f the Defendant raises a dispute to the presentence report, the court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence." [quotations and citation omitted]).  David objected to the PSR and is prepared at sentencing to provide his argument and evidence to the Court.

For this reason, the court should hear both parties at Sentencing before granting any motion for forfeiture.

**Summary of the Governments argument:**

First David outlines the 3 key elements the Government bases their reasons that the Forfeiture is appropriate.  David then presents the argument and law to support his assertion that the governments reasoning is not supported by law or precedent.

1. **David Pled Guilty-No Scheme:** The Government states David pled guilty to a scheme to defraud.  False. The transcripts and the court acknowledged that David specifically stated there was no scheme and has never accepted nor can accept guilt or responsibility for a scheme and only that he caused to be over paid $3,000.  David was permitted to argue what is relevant conduct but was denied that right in violation of the 6th

Amendment through the government's suppression of the majority of the evidence it shared with the court and PSR process. There was no fraud and no acceptance of any inference or charges that include Fraud.

2. **Reduction by amount already paid back** - David paid back $200,100 years before any criminal charges which is not an admission of guilt but a combination of cash put into company and an accepted civil settlement that also included millions of dollars in additional consideration paid back.

3. **Reasonable and Reliable evidence even Hearsay -** The Government states that they have the ability to secure a forfeiture judgement based on Reasonable and Reliable evidence even Hearsay. But that is not the case. The government judgement sought is based entirely on lies, false and falsified information much of which was constructively suppressed by the Government until the day before hearing. They suppressed and then submitted false information which they knew or should have known was false secretly to the probation office to arrive at a tainted PSR and entirely erroneous Loss Calculation. David was entitled to <u>over $618,135.67.</u> Due to the lies and suppression of impeachment evidence that was not shared with the court. The witnesses and the hearsay are not reliable. They stated to the FBI and government for years of interviews that they had the backup documents on David's salary but then never produced them. They lied about what they had then lately told the FBI in email that they "had no documents" but "everyone knew the facts". The AUSA is saying after suppressing that fact and many others that their evidence is reliable.

    The Probation Officer told David that they were not getting in the middle of discovery issues between the USA and David.

The Probation office stated that she assumed that the USA checked and verified the evidence therefore considered it reliable. This was not the case. The Government sentencing evidence shows the witnesses time and again saying Andy Davis, or Bernardo Abecasis has documents such as contracts and that they would send them to the AUSA and FBI. They never did and the USA allowed the interviews to stand even after these witnesses admitted they had been making false statements for years to the FBI.

The Government has lost the "reliability' of their evidence including hearsay when it is based on lies.

Sentencing judges have agreed with the Defendant's argument that the PSR's calculation was "too speculative," and found a guideline loss of zero. This is particularly true when evidence is not reliable.

United States v. Villa, 589 F. App'x 532 (11th Cir. 2015) ("When a Defendant challenges the loss amount provided in his PSI, the Government bears the burden of establishing the loss by a preponderance of the evidence, and the district court must make factual findings sufficient to support the attributed amount. However, when a Defendant does not object, a court may properly rely on undisputed statements of loss in the PSI, even when those statements are conclusory."); **United States v. Ross, 502 F.3d 521, 531** (6th Cir. 2007) ("[I]f the Defendant raises a dispute to the presentence report, the court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence." [quotations and citation omitted]).

**Summary of Why Recent Supplemental Motion from United States should be dismissed or stayed until Sentencing:**

The government submitted a proposed forfeiture order to the court however the government violated the Eighth Amendment's prohibition against excessive fines.  And that amounts are supported by a preponderance of evidence yet David's 6th Amendment rights were also violated since the evidence used to arrive at the Loss Calculation is false and impeachment and exculpatory evidence was suppressed.  The process and refusal to perform legally obligatory responsibilities in discovery has tainted the outcome on forfeiture if based on the PSR or evidence used for the PSR.

**The plea agreement was accepted where by #23 para 29 is clear on what was factual and where responsibility was accepted.**  And whereby the defendant was not required to accept the alleged facts and information of the General Allegations in #23.  Defendants are presumed innocent and that giving significant weight to uncharged crimes amounts to punishing defendants for crimes without the benefit of a jury trial.  The government absent of having to abide by rules of evidence has attempted to gain an excessive punishment for alleged crimes that were not charged and for alleged 'relevant conduct" that would not have stood up to facts, confrontation, or rules of evidence. Rules of evidence are weakened subsequent to a guilty plea being accepted but the US Constitution is not. And the rules of evidence do apply in discovery when that evidence was intentionally withheld before, during, and after the plea negotiation process was closed in the Rule 11 and impacts punishment or sentencing.  The majority of government evidence that drove the values for the plea was withheld and was impeachable before the motions were filed or the PSR was complete.  <u>And there remains evidence that would entirely impeach the witnesses for the loss calculation that is withheld and denied Defendant.</u>

<u>        This evidence and sworn testimony coming at the sentencing memorandum and hearing without question prove that the Defendant did not take the amounts stated.</u>

<u>The Defendant has a superiority of evidence that will show the vastly incorrect loss calculation was based significantly on false statements, statements taken as fact promised to have back up that never materialized, and errors by the witnesses and victims.</u>

The General Allegations that infer these other 'criminal activities' which are driving excessive request for forfeiture are based on provable falsehoods known to the alleged victims and the government during the PSR process.  Rights which have been denied during the process to discovery would have disproven the loss calculation entirely (the $177,483 is 980% inflated with false information).

This alleged relevant conduct based on falsehoods was determined without the constitutional protections that guard against unfair punishment, including indictment, a jury trial, proof beyond a reasonable doubt, and confrontation of witnesses.  That is why the plea was made very specifically to #23 paragraphs 29 and 31 while explicitly not accepting nor committing to accept responsibility for General Allegations.  The US will argue that defendant knew the risk of the impact of relative conduct before entering the plea, which I plan to abide by as agreed.

However, defendant expected a fair playing field and only learned that the Government withheld evidence that it was obliged to produce according to Rules, Law, and Department of Justice Policy manual so that the defendant even after a plea can address evidence fairly in the PSR process. The US only disclosed 4.37% of its total evidence trove until the evening before the previous sentencing date. And there is still evidence that would impeach the loss calculation evidence entirely.  "A Prosecutor MUST disclose information that either case a substantive doubt upon the accuracy of any evidence – including but not limited to witness testimony-the prosecutor intends to rely on to prove the element of any crime charged…"  There is a cumulative impact of items of information that are impeachable or were withheld or are false.  When several items together can have an impact on sentencing including forfeiture ALL such items must be disclosed. Not 4% or 5% of them.

Since the evidence presented was purely hearse, not sworn or under penalty of perjury the denial of the right to view and present impeachment, it may be considered but does not itself represent authority. Both Brady and Giglio mandate the disclosure of the evidence if it is material to punishment. The Constitution requires disclosure.

A court considering whether a proposed forfeiture violates the Eighth Amendment's prohibition against excessive fines established by the U.S. Supreme Court in *United States v. Bajakajian,* 524 U.S. 321 (1998).

*At sentencing, the burden of proof is on the government in regard to the base offense level and any enhancing factors. The burden of proof is on the defendant for any mitigating factors.  United States v. Howard, 894 F.2d 1085, 1090 (9th Cir. 1990).  Therefore, the government should bear the burden of proof when it seeks to raise the offense level, and the defendant bears the burden of proof when he or she seeks to lower the offense level.  Id.  In other words, even though the government has the burden of proving the amount of loss, the defendant has the burden of proving that they are entitled to a credit against the loss amount.  United States v. Exec. Recycling, Inc., 953 F. Supp. 2d 1138, 1152 (D. Colo. 2013).*

This is problematic when the USA proof was based on knowingly false evidence shared with the probation office. Although the law and Rules of Evidence 404 require the government to disclose this information even if not requested, the US instead had hidden the ball for 372 days and denied request for evidence or ignored them until when they sent a partial production the evening before the last sentencing date, long after the PSR was completed and the Forfeiture order requested. Including exculpatory evidence recently discovered that disproves the loss calculation as has always been maintained by the defendant.

**<u>The Defense maintains its commitment to the plea agreement as stated clearly in the Rule 11 hearings and transcripts from February 14, 2020.</u>**

**Excessive Fine Clause of the United States Constitution**

The request for the preliminary order based itself is a violation of the 8th Amendment as it is actually punitive and not justly proven as real. The court must determine the applicability of the Excessive Fines Clause, which applies only to forfeitures that may be characterized, at least in part, as "punitive" – that is, forfeitures for which a defendant is personally liable.

As the Supreme Court explained in Bajakajian, the Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, "as punishment for some offense."

If the court concludes that the clause applies, then it will determine whether the challenged forfeiture is unconstitutionally excessive. At Sentencing the defense will address the reasons that the relevant conduct in the falsely based evidence secretly shared in the PSR process and withheld from the defense for over a year.

In its Motion, the government seeks an *in personam* forfeiture money judgment against Defendant in the amount of $177,483. This amount is based on proceeds that the USA alleges were obtained by the defendant on a theory that is unproven, unrelated, and taken from a four year old civil allegations, that were unsubstantiated and untested under any rules of evidence nor submitted to any evidentiary procedure. Given the nature of the plea and the Rule 11 hearing this request is excessive.

**Loss Calculation based on Evidence Denied Preliminary Sentencing Report.**

The Government attempts to demonstrate this with a "preponderance of evidence" that, even if hearsay, and where many rules of evidence are tossed to the wind as a result of a plea, it is now clear that there is a preponderance of evidence that was withheld for 372 days while shared with the probation office skewing that report and denying the defense of an ability to answer that before the PSR was finalized. This leads to a potential 8th Amendment violation on an excessive

and punitive punishment well beyond what is correct or just.  The exculpatory and impeachment shows that the PSR is based on an entirely corrupted and false Loss Calculation.

Although there is more evidence that impeaches their submissions still withheld after being requested before the plea, during the negotiations, and after that impact the entire process and certainly punishment, making it obligatory to share, the defense has ample evidence to address the government's request for preliminary motion for forfeiture.

## False Evidence Emblematic of the False Loss Calculation
## No lesser Sanction than Dismissal

Substantive false statements or lying about facts central to the case including the nature and extent of ones own injuries cannot be tolerated and frequently cannot be remedied by any lesser sanction than dismissal.  The Supreme court observed that *"broad criminal forfeiture provisions carry the potential for Government abuse and can be devastating when used unjustly"* .Libretti v U.S. 516 29,42, 1995.

Further Money Judgements allow the government to avoid the need to trace.  They provide a way for the government to exaggerate the amount of the proceeds generated by the offense of y ERRONEOUS EXTRAPOLATIONS.  They produce forfeiture judgements that hang over the defendant for the rest of his life, regardless of ability to pay and thus interfering with his rehabilitation.  These estimates can be wildly exaggerated by the use of faulty extrapolation techniques. In this case the techniques include use of false or falsified information that David is able to refute outright with sworn testimony and legal agreements ratified by the victims themselves but heretofore were suppressed by the witnesses and others.

This evidence shows that witnesses now victims lied to the government and conspired to create a false narrative withholding evidence that disproved their allegations and claims of loss.

Up to the last minutes of the PSR process false or doctored evidence that was not confirm continued to be sent to the probation office.  This last minute evidence itself constituted 3 crimes the victim witnesses committed in their submission.  But it was accepted as authoritative.  The same source of this evidence was the Governments only source for the majority of its loss calculation.

An entirely flawed loss calculation codefied in the PSR by denying access to rightful discover cannot be allowed.

**The probation office based their PSR assessment on 2 flawed factors**

The probation office will imply that:

1. That the Defense had ample opportunity to discover and that the USA complied. Hence if he did not address this evidence directly in the PSR process it was correct

2. That the preponderance of evidence was real and not false.  By virtue of the fact that the USA believed the evidence, the probation office took the falsehoods as facts.

 The probation office made and expects the court to make a "reasonable estimate of the loss, given the available information." In accordance with *United States v. Uddin,* 551 F.3d 176 (2d Cir. 2009).

But the government had hidden the ball on the defense and shared select, erroneous, and entirely impeachable evidence to the probation office in the dark of the night.

The available information was curated to present as fact documents prepared by those solely with a motive to enrich themselves and denying the defendant an opportunity to confront that at least in the PSR process.

The day before the original sentencing thousands of pages were dumped on the defendant that has been suppressed for 372 days in spite of dozens of proper legal requests dated back to the day after his arrest.

Although the defense remains entitled to discovery that impacts the decision for plea, sentencing, and punishment including impeachment and Brady material, the defendant discovered significant exculpatory and impeachment evidence.  These files if properly disclosed before the PSR was completed, show now that the loss calculation is entirely incorrect and that the forfeiture amount is incorrect and unjust.

**<u>The defendant maintains in fact and spirit the plea agreement as outlined in Count I document #23 paragraph 29.</u>**

### DEFENSE REQUEST TO THE COURT

**Grossly disproportional to the gravity of the offense**

The defendant is requesting that no preliminary order be granted and that the this request by the USA is stayed or denied until Sentencing when the defense, denied this constitutional and legal right to discovery and to address the PSR fairly, will prove that his crime is limited to the amounts in the plea and not so-called relevant conduct which in itself would require a scheme which he can disprove**. If the court rules to allow the Preliminary Order then the amounts should be as stated in Document #23 para 29. At sentencing it will be demonstrated why this is an accurate plea.**

There are 3 factors that the court must consider.

I. It is established law that forfeiture on the defendant will cause life-long and this will deny his ability to make a living which this forfeiture request does in a severe manner.

   a. The USA request will make the nearly 60-year old defendant unable to earn a living.  The defendant has no money or assets but can borrow and pay the amount in Para 29 of Document #23 promptly.

II. The essence of the crime of the defendant and its relation to other criminal activity is also a factor for the court to consider.
   a. The defense will show for consideration at punishment that there was no sophisticated scheme hence a lack of justification in the USSG for this alleged relevant conduct to compound forfeiture. Without a scheme there is no justification in USSG for this forfeiture. The newly disclosed and still withheld evidence will show this.

III. The nature of the harm caused by the defendant's conduct.
   a. Defense will be shown not to warrant this forfeiture since the victims lie scores of times in their submissions and statements as now proven in impeachment evidence previously denied for the sole purpose of enriching themselves where they failed in their settled civil suit. There is no harm at all to the alleged victims.

**CONCLUSION**

Combined with the arguments made in the May 26, 2020 Defense Motion to Dismiss US Motion for Orders of Forfeiture (Money Judgement) the Defense request that the ruling on the USA Motion for Preliminary Order of Forfeiture should delayed until Sentencing.

Therefore, the only forfeiture, if any, should be to the extent of the plea agreement para 29 and 31, namely $3000, to Count I, an amount already paid back to the civil plaintiff. The defendant remains faithful to its plea agreement and its terms. The Government amounts are erroneous, wildly exaggerate, entirely unproven except by testimony of witnesses that are now impeached by evidence suppressed unlawfully but the government.

For the foregoing reasons, Defendant respectfully requests that the Court deny the government's Motion. This $3000 is off set by the USA acknowledgement of a 'credit' of $28,100.

                                                Respectfully submitted,

                                                DAVID JOHN

                                                FONDOTS

By:   */s/ David John*

                David John Fondots
                Defendant
                978-727-5175

Dated: October 19, 2020