UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10357-RGS

UNITED STATES OF AMERICA

v.

DAVID JOHN

MEMORANDUM AND ORDER ON
DEFENDANT'S RESTITUTION OBLIGATIONS

December 1, 2021

STEARNS, D.J.

The issue of restitution was reserved at defendant's sentencing over a narrowly-framed issue. The government requests that a restitution order be entered under the Mandatory Victim Restitution Act of 1996, 18 U.S.C. § 3663A(c)(1)(A)(ii), in the amount of $177,483.[1] The dispute arose over the defendant's claim that because of the Settlement Agreement that he and his wife reached with the victims (the Mariposa Group) on December 5, 2017, whereby the entire proceeds of the sale of their Nantucket, Massachusetts home ($182,000) was conveyed to the victims, the obligation should be

---

[1] The government candidly states that while the victims claim losses of more than $2 million, the requested amount of $177,483 is the amount that, given the offenses for which the defendant was convicted, conforms with the directives of the U.S. Sentencing Guidelines and "most readily apparent and indisputable from the documents." Gov't Mem. at 1. Defendant John does not dispute the figure.

deemed satisfied.  Moreover, defendant contends that the requested order would constitute an impermissible double recovery under 18 U.S.C. § 3664(j)(2).  Def.'s Mem. at 3-4.  *See also United States v. Parsons*, 141 F.3d 386, 393 (1st Cir. 1998).

The government opposed the theory of double recovery on the representation of the Mariposa Group victims that the sum paid under the Settlement Agreement "went entirely to the payment of the [Mariposa Groups] attorneys' fees," and therefore did not include the $177,483 in provable embezzled funds.  Gov't Mem. at 4.

At the time of the hearing and the filing of its memorandum, the government did not have the benefit of the Settlement Agreement itself (which was entered under strict non-disclosure provisions).  The court has since, with the aid of the Probation Office, obtained a copy of the original Agreement.  It is clear from the face of the Agreement that it was not restricted to the payment of attorney's fees,[2] but rather contained a general release of the defendant (and his wife) from "all claims, disputes, demands, arbitrations, liabilities, actions, obligations, debts, damages, costs, expenses and attorneys' fees, whether legal or equitable . . . ." Agreement ¶ 3(c).

---

[2] As defendant points out, Stephen LaRosa, the civil attorney for the Mariposa Group, reported to the Probation Office that the "$182,000 was paid to Mariposa directly" and that the "settlement funds were not specifically designated for attorney's fees."  Def.'s Mem. at 6, 9; PSR at 30. I note that the Probation Office deferred to the court the issue of whether defendant should receive credit for the $182,000 as a deduction from any restitution order.

Considering the terms of the Settlement Agreement, I conclude that any further order of restitution would in fact constitute a double recovery. *See United States v. Edwards*, 19 F. Supp. 3d 366, 370 (D. Mass. 2014).

As a further ground for declining to order any additional payment of restitution, I note that a court is to "consider . . . the financial resources of the defendant, the financial needs and earning abilities of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i)(II). Given my familiarity with the record in this long-litigated case, as well as the Probation Office's assessment in the PSR, I make a specific finding that the defendant (who is serving a committed sentence and is represented by a court-appointed attorney) does not have the financial means, now or in the reasonable future, to make any further payments. *See United States v. Savoie*, 985 F.2d 612, 618 (1st Cir 1993).

## ORDER

The court orders restitution in the amount of $177,483, an amount deemed satisfied by the payment made under the Settlement Agreement entered December 5, 2017.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

3