UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-CR-10357 |
| ) | |
| DAVID JOHN, ) | |
| a/k/a "DAVID FONDOTS" ) | |
| ) | |
| Defendant ) | |

**UNITED STATES' MOTION FOR CLARIFICATION OF THE COURT'S MEMORANDUM AND ORDER ON DEFENDANT'S RESITUTION OBLIGATIONS (DOCKET NO. 119)**

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully requests clarification of the Court's December 1, 2021 Memorandum and Order on Defendant's Restitution Obligations (the "Order") (Docket No. 119). While the government respectfully disagrees with the Court's conclusion, the government files this motion only to clarify the Court's alternative basis for its restitution ruling.

On page 3 of the Order, the Court considered the Defendant's financial resources as an alternative basis for its ruling, citing 18 U.S.C. § 3663(a)(1)(B)(i)(II). The government respectfully suggests that, with regard to restitution ordered under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, the financial condition of the defendant should not be considered when calculating the restitution amount. Restitution orders under the MVRA, which as the Court recognized applied here, "shall be issued and enforced in accordance with section 3664." *See* 18 U.S.C. § 3663A(d). As explicitly provided in 18 U.S.C. § 3664(f)(1)(A): "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." (Emphasis added.) A Court, however, may consider a

defendant's financial resources in establishing a payment schedule for restitution ordered under the MVRA.  *See* 18 U.S.C. § 3664(f)(2) ("Upon determination of the amount of restitution owed to each victim," the court may consider the defendant's financial situation in establishing a schedule of payments).

Additionally, in non-MVRA cases, where restitution is not mandatory, such as restitution orders under 18 U.S.C. § 3663,[1] the Court may consider a defendant's financial resources when ordering restitution.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | NATHANIEL R. MENDELL<br>Acting United States Attorney |
|  | By:   */s/ Carol E. Head*<br>SARA MIRON BLOOM<br>CAROL E. HEAD<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100 |
| Dated: December 13, 2021 | carol.head@usdoj.gov |

---

[1] 18 U.S.C. § 3663(a)(1)(A) excludes offenses that are subject to the MVRA.  *See* 18 U.S.C. § 3663(a)(1)(A) (defining offense for which discretionary restitution may be ordered as "other than an offense described in section 3663A(c)").