UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-10357-RGS |
| ) | |
| DAVID JOHN, ) | |
| a/k/a "DAVID FONDOTS" ) | |
| ) | |
| Defendant ) | |

**UNITED STATES' MOTION FOR RECONSIDERATION OF THE DENIAL OF ITS MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, respectfully moves for reconsideration of the Court's February 16, 2022 order finding as moot the government's Motion for an Order of Forfeiture (Money Judgment) as per the Court's previous orders denying restitution. *See* Docket No. 124.

As grounds for this motion, the government refers the Court to the Second Supplemental Brief filed in Support of the Motion for Order of Forfeiture (Money Judgment). *See* Docket No. 121. That brief, which was not referenced in the Court's order denying forfeiture at Docket No. 124, argues that forfeiture and restitution are both mandatory, issued pursuant to different statutory authority, and do not offset each other. As a result, the Court's decision that the Defendant did not owe additional restitution as the result of a settlement with the victim does not moot the government's forfeiture motion. In the Second Supplemental Brief, the government cited decisions from the Second and Tenth Circuit Courts of Appeals, which hold that a defendant is not entitled to an offset to his forfeiture as a result of payments made by a defendant toward restitution or directly to victims of his crimes. *See, e.g., United States v. Bodouva*, 853 F.3d 76, 78-79 (2d Cir. 2017); *United States v. Channon*, 973 F.3d 1105, 1113 (10th Cir. 2020). In refusing to offset forfeiture by amounts paid towards restitution, circuit courts have specifically

referenced the punitive nature of forfeiture. *See Bodouva*, 853 F.3d at 79 ("Criminal forfeiture is a form of punishment. As such, it is distinct from restitution or other remedial actions, which are intended to return the victim and the perpetrator to the status quo that existed before the violation took place.") (quoting *United States v. Peters*, 732 F.3d 93, 101 (2d Cir. 2013)); *United States v. Browne*, 505 F.3d 1229, 1281 (11th Cir. 2007) ("While the focus of restitution is on the victim, forfeiture focuses on the defendant. In addition to forcing the disgorgement of dishonest profits, therefore, forfeiture is also a punitive action against the defendant."). Accordingly, payments made by the Defendant to victims as a part of a civil settlement do not relieve the Defendant of the requirement that the Defendant be forced to disgorge his ill-gotten gains. *See Bodouva*, 853 F.3d at 78 ("'[N]othing in the statutory scheme permitted the district court to reduce the mandated criminal forfeiture order because the defendant also had to satisfy her obligation to pay restitution' or had already substantially done so.") (quoting *United States v. McGinty*, 610 F.3d 1242, 1248 (10th Cir. 2010)).

In addition, as noted in the Second Supplemental Filing, the Defendant agreed, in paragraph 6 of the written plea agreement, to entry of an Order of Forfeiture (Money Judgment) equal to the amount of the loss because the amount of the loss is equal to the proceeds the Defendant obtained as a result of the wire fraud offense. In the record before the Court, there is ample reliable evidence to support a forfeiture money judgment in the amount of $177,483, as the government requested.[1]  To summarize that evidence, between about July 2014 and April 2016,

---

[1] The evidence is contained in the Pre-Sentencing Report (PSR), is reflected in exhibits provided to the Court as part of the government's sentencing memorandum, and is described in the Affidavit of Federal Bureau of Investigations Special Agent Laura Smith in support of the Criminal Complaint (Docket No. 6).

the Defendant engaged in a scheme to defraud Victim Company A by misappropriating company funds for his personal benefit. Specifically, the Defendant caused Victim Company A to pay more than about $200,000 directly to himself, Family Member 1, and to and on behalf of companies controlled by Family Member 1. The misappropriated funds obtained by the Defendant were used to pay personal expenses for his family, including car payments, travel, and family expenses, among other things. *See* PSR, ¶¶ 3-19; Smith Affidavit ¶¶ 17-40; Exhs. B, F-H, J, N to Government's Sentencing Memorandum. Thus, the Defendant engaged in scheme to defraud his victim, and obtained at least $177,483 in proceeds as a result of the wire fraud offense to which he pled guilty. PSR, ¶ 19. Pursuant to 18 U.S.C. § 981(a)(2)(A), proceeds for the offense of wire fraud are defined as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and ***is not limited to the net gain or profit realized from the offense***." (Emphasis added.) Thus, the government is entitled to a forfeiture order of $177,483.

Finally, after the government submitted its Second Supplemental Brief, the Defendant's counsel informed the Court that it would not file a response but had been in communication with the government about "some final details to propose for a forfeiture order." *See* Exhibit 1 attached hereto. The government and the Defendant's counsel had further discussions but had not arrived at final details.

After the Court denied the government's forfeiture motion as moot, consistent with Local Rule 7.1, the government contacted Defendant's counsel to confer about their prior discussions and stated that it was considering filing a motion to reconsider. The Defendant's counsel responded that she would probably now oppose forfeiture but would discuss with her client. The

3

government followed up, stating it would be filing a motion to reconsider. During this time, the Defendant wrote to the Court opposing forfeiture based on his inability to pay. *See* Docket No. 125. The Defendant's financial condition, however, is only a consideration if the forfeiture money judgment is unconstitutionally excessive such that it would constitute "a type of ruinous monetary punishment that might conceivably be so onerous as to deprive a defendant of his or her future ability to earn a living and thus violate the Eighth Amendment's Excessive Fine Clause." *United States v. Chin*, 965 F.3d 41, 58 (1st Cir. 2020) (internal quotations and citations omitted). The Defendant cannot meet this high standard. *See id.*

## Conclusion

For the foregoing reasons, and those contained in the Motion for Order of Forfeiture (Money Judgment), Supplement Brief (Docket No. 73), and Second Supplemental Brief (Docket No. 121), the United States respectfully requests that the Court reconsider its order finding the government's forfeiture motion moot and grant the government's Motion for an Order of Forfeiture (Money Judgment) in the amount of $177,483.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ Carol E. Head*
CAROL E. HEAD
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: March 10, 2022                    carol.head@usdoj.gov

4