UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-CR-10357 |
| ) | |
| DAVID JOHN, ) | |
| a/k/a "DAVID FONDOTS" ) | |
| ) | |
| Defendant. ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**STEARNS, D.J.**

WHEREAS, on September 24, 2019, the United States Attorney for the District of Massachusetts filed a two-count Information charging defendant David John a/k/a "David Fondots" (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One), and Filing False Tax Returns, in violation of 26 U.S.C. § 7206(1) (Count Two);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Count One, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

WHEREAS, on February 14, 2020, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed by December 2, 2019; *See* Docket No. 26.

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States an amount equal to the amount of proceeds obtained as a result of the wire fraud alleged in the Information to be entered in the form of an Order of Forfeiture (Money Judgment), although the defendant reserved the right to seek to reduce that amount by any amounts already paid back to the victims by the Defendant. *Id.*

WHEREAS, as set forth in the Defendant's Pre-Sentence Report ("PSR"), the Defendant engaged in scheme to defraud his victim, and obtained at least $195,582.75 in proceeds as a result of the wire fraud offense to which he pled guilty. *See* PSR, ¶ 3.   The government acknowledges that the Defendant paid back $28,100.

WHEREAS, based on the Defendant's admission in the plea agreement, his guilty plea on February 14, 2020, the facts set forth in the Defendant's PSR, and the amount the government acknowledges the Defendant paid back, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $177,483 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.§ 2461(c). This amount represents the proceeds obtained as a result of the Defendant's crimes;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant, shall forfeit to the United States the sum of $177,483, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Richard G. Stearns
**RICHARD G. STEARNS**
United States District Judge

Dated: **12/6/2023**